[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15412
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-80016-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERON STEPHERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 17, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

On May 26, 2003, in the early morning hours, three masked men robbed the

West Palm Beach Radisson Hotel; one of them shot and killed an unarmed hotel security guard. In 2004, one of the robbers, Reginald Bannister, was arrested for drug trafficking, and on a plea of guilty, was sentenced to prison for 18 years. At some point, he decided to cooperate with law enforcement, and, in the process, learned that a half-brother, Harold Stepherson had been charged with the Radisson Hotel robbery. From Harold, law enforcement learned that Bannister and another half-brother, appellant Heron Stepherson, were the other robbers.

In May 2006, appellant and Bannister were indicted under the Hobbs Act, 18 U.S.C. § 1951(a), for conspiracy to commit the Radisson Hotel robbery (Count 1) and for committing the robbery (Count 2).[1] The case against Bannister was disposed of on a guilty plea, and appellant stood trial before a jury. Bannister and Harold Stepherson testified for the Government, and the jury found appellant guilty of the two Hobbs Act offenses. He now appeals his convictions, raising two points. One challenges an evidentiary ruling; the other challenges the trial court's decision granting the jury's requests during deliberations that certain testimony be read. We consider these challenges in order.

I

Maria Hawkins, the night auditor, was on duty at the hotel's front desk when

---

[1] The indictment also charged appellant with violating 18 U.S.C. §§ 924(c) (Count 3), 922(g) (Count 4). He was acquitted on those counts.

the robbers entered the hotel. After the robbers left the premises and the police arrived, she told Officer Harrell that there were three robbers. Over appellant's objection, the district court allowed Harrell to repeat her statement to the jury as an excited utterance under Federal Rule of Evidence 803(2). Appellant contends that the court abused its discretion in doing so, claiming that the excited utterance exception did not apply because the court failed to make the requisite finding that Hawkins made the statement without having any opportunity to reflect on it, and the record is not clear regarding how long she had to reflect on the number of assailants prior to speaking to Harrell. Because this testimony concerned a material issue in the trial and was emphasized when the court allowed it to be read back to the jury during their deliberations, he asserts that his convictions must be set aside and a new trial ordered.

We review a district court's hearsay rulings for abuse of discretion. *United States v. De La Mata*, 266 F.3d 1275, 1300-01 (11th Cir. 2001). "[W]hen employing an abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005). Even if the district court's reasons for overruling a hearsay objection are not clear from the

3

record, it does not abuse its discretion by admitting the statement if there is an applicable exception. *See United States v. Jiminez*, 564 F.3d 1280, 1288-89 (11th Cir. 2009); *United States v. Brown*, 441 F.3d 1330, 1359 (11th Cir. 2006).

In general, hearsay is inadmissible, but there are a number of exceptions. Fed. R. Evid. 802. One is the excited utterance exception, which allows into evidence a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). The critical inquiry is not the amount of time that has passed since the event but rather whether the "declarant was still in a state of excitement resulting from the event" when she made her declaration. *See United States v. Cain*, 587 F.2d 678, 681 (5th Cir. 1979) (citation omitted).[2]

Moreover, the rules exclude from the definition of hearsay a prior statement by a witness if (1) the "declarant testifies at the trial . . . and is subject to cross-examination concerning the statement," and (2) the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed. R. Evid. 801(d)(1)(B). A prior consistent statement is admissible only if it was

---

[2]This Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

"made before the alleged influence, or motive to fabricate, arose." *Tome v. United States*, 513 U.S. 150, 158, 115 S.Ct. 696, 701, 130 L.Ed.2d 574 (1995). Moreover, such statements are "admissible non-hearsay *only* if they are offered to rebut a specific allegation of recent fabrication, not to rehabilitate credibility that has been generally called into question." *United States v. Drury*, 396 F.3d 1303, 1316 (11th Cir. 2005) (citation omitted; emphasis in original).

We find no abuse of discretion in the challenged ruling. Although the district court did not identify the basis for its decision at the time it overruled appellant's objection, the record supports its determination that the testimony was admissible. First, Hawkins's statement was admissible as an excited utterance. While the testimony does not establish exactly how much time had passed between the robbery and Hawkins's statement to Harrell, it does establish that she was still under the stress of the event. *See Cain*, 587 F.2d at 681. Second, Hawkins's statement was also admissible as a prior consistent statement. She testified at trial and was subject to cross-examination. During cross-examination, appellant's counsel implied that she was only testifying that there were three assailants because the police had exerted an improper influence on her, that her statement was of recent fabrication.. Her statement to Harrell was consistent with her trial testimony, and was thus admissible to rebut the point appellant's counsel had

5

made on cross-examination, that her statement had been recently fabricated. Finally, she made the statement to Harrell before the alleged improper influence arose; the prosecution would have had no reason to exert any influence on her testimony until years later, after Bannister and Harold Stepherson had confessed and identified appellant as a third participant in the robbery.

## II

Appellant argues that the district court improperly emphasized certain pieces of evidence by allowing testimony to be read back to the jury. The court granted the jury's request that certain portions of Bannister, Harold Stepherson, and Harrell's testimony be read back to them. Appellant asserts that if the court was going to allow that testimony to be read to the jury, then the relevant testimony of other witnesses should also have been read. He concludes that because of the difficulties inherent in determining what to read back to the jury, "the better approach" would have been to instruct the jury to rely on its collective memory. The court's failure to do this deprived him of a fair trial.

We review "a trial judge's response to a jury query during deliberations for an abuse of discretion." *United States v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995) (citation omitted). The district court has "broad discretion when responding to a jury request that evidence be reread." *Id.* at 1370 (citation omitted). Where

6

the district court gives the matter proper consideration, it may be right regardless of which course of action it chooses. *Id.*

Where the district court permits testimony to be read back to the jury, it does not abuse its discretion if it ensures that the testimony is "presented in a fair and complete manner and placed in its proper context" while still limiting the rereading to testimony that is "closely related to the material requested by the jury." *United States v. Alfonso*, 552 F.2d 605, 619 (5th Cir. 1977). Moreover, we have held that the district court did not abuse its discretion where it asked the jury to be more specific in its requests and then had the direct, cross, and recross testimony of three witnesses read back to the jury but refused to allow other testimony impeaching those witnesses to be read back as well. *United States v. Loyd*, 743 F.2d 1555, 1567 (11th Cir. 1984).

Here, the district court considered the benefits and drawbacks of the available alternatives and took steps to ensure that undue emphasis was not placed on the testimony that was read back to the jury. Therefore, while appellant asserts that a better approach would have been to instruct the jury to rely on its collective recollection, the court did not abuse its discretion by allowing those read backs.

AFFIRMED.